**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Wesley LEVERICH,
Defendant—Appellant.**

**No. 02–50080.**

**D.C. No. CR–00–00048–RT–1.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2003.*

Decided March 6, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Richard Wesley Leverich appeals his sentence of 262 months of imprisonment, 5

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

years of supervised release and $100 special assessment following his guilty plea to the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He contends that the trial court plainly erred in relying on the presentence report ("PSR") for its determination that Leverich had sustained two minor narcotics convictions, and that he received ineffective assistance of counsel because his attorney failed to challenge the sufficiency of the evidence relied on by the court in finding the existence of the prior convictions.

 Because Leverich did not raise the prior conviction issue in the district court, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A district court may rely on an unchallenged PSR to establish relevant facts at sentencing, including the existence of prior convictions. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1161 (9th Cir.2000). Leverich did not challenge the convictions described in the presentence report, and so there was sufficient evidence to sustain the district court's findings, whether the standard of proof was by a preponderance of the evidence or by clear and convincing evidence. *See id.* at 1163. There was no plain error.

Generally ineffective assistance of counsel claims are not reviewable initially on direct appeal, *United States v. Quintero–Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1996), but in any event, we find no evidence that counsel's performance was defective or that, if it had been, Leverich was prejudiced thereby. The record contains nothing indicating that the presentence report was inaccurate regarding Leverich's prior convictions, and he does not dispute those convictions. Accordingly, he was not prejudiced even if counsel had acted unreasonably in failing to challenge the sufficiency of the prior conviction evidence. *See Strickland v. Washington*, 466 U.S. 668, 691–693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.